# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TENGIZ KHOKHIASHVILI,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. CIV-26-1154-SLP** |
| | **)** | |
| **FRED FIGUEROA, et al.,** | **)** | |
| | **)** | |
| **Respondents.** | **)** | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Tengiz Khokhiashvili, a noncitizen[1] and Georgian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

I.    **Background**

Petitioner, a citizen of Georgia, entered the United States on February 27, 2024, without inspection or admission near Otay Mesa, California, and was taken into immigration custody on the same day.  Pet. at 20; Doc. 1-1 at 5 (Notice to Appear).  Also on February 27, 2024, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 20; Doc. 1-1 at 5.  On February 28, 2024, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  Pet. at 20; Doc. 8-1 at 1 (Order of Release on Recognizance). On August 12, 2024, Petitioner filed an application for asylum, which remains pending. Pet. at 20; Resp. at 2; Doc 1-1 at 9-17 (Asylum Application).

On April 15, 2026, ICE re-detained Petitioner pursuant to a warrant after taking custody of him from the Oklahoma Highway Patrol.  Pet. at 3; Resp. at 2; Doc. 8-2 at 2 (ICE Encounter Summary); Doc. 8-3 (Arrest Warrant).  Petitioner alleges he complied with all terms of his release before he was detained and no material circumstances changed since his earlier release.  Pet. at 20-21.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 2.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  Pet. at 3; Doc. 1-1 at 2.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 24, 2026).

## II.   Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Substantive Due Process**.  Petitioner alleges his re-detention without changed circumstances violates his right to due process because it bears no reasonable relation to any legitimate government purpose.  Pet. at 26-28.

- **Count II: Violation of Procedural Due Process**.  Petitioner alleges his re-detention without notice of reasons or a pre-deprivation hearing two years after he was previously released violates his right to procedural due process.  *Id*. at 28-29.

- **Count III: Violation of the Immigration and Nationality Act ("INA").**   Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who were previously released under § 1226(a), and whose release was never terminated or revoked. Pet. at 29-30.

He asks the Court to "issue a writ of habeas corpus ordering Respondents to immediately release [him] from custody under no more restrictive conditions than existed at the time immediately before his unlawful arrest."  Pet. at 30.  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2]  *Id*. at 31.

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.    **Analysis**[3]

   A.    **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1226(a) governs his current detention because he was previously released under that provision and his release was never terminated or revoked.  Pet. at 29-

---

[3] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 8-9.  Respondents do not dispute Petitioner's assertion.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

30. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 2-3.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

---

[4] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498,

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at \*6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

## B.     The proper remedy is a bond hearing.

Petitioner seeks immediate release and alleges a bond hearing "is an inadequate remedy" because he is "unlikely to receive a fair bond hearing before an immigration judge." Pet. at 21-22. The undersigned, however, concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 2026 WL 1876709 at \*17 n.13; *see also Kumar*, 2026 WL 1960943, at \*2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five

---

502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

6

business days or otherwise release him if he does not have a lawful bond hearing within that period. [5]

### C.      The Court should decline to address Petitioner's due process claims.

Petitioner also argues his detention without a bond hearing violates his rights to due process.  Pet. at 26-29.  If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claims based on his continued detention.  *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)). [6]

---

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[6] To the extent Petitioner alleges he was arrested without a warrant, Respondents included with their Response a copy of the warrant for Petitioner's arrest pursuant to § 1226(a), dated April 17, 2026.  Doc. 8-3 (Arrest Warrant).

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 31, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 5, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

8